IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| STATE OF ARKANSAS *ex rel.* <br> DUSTIN McDANIEL, ATTORNEY <br> GENERAL, <br> <br> Plaintiff, <br> <br> vs. <br> <br> SHERRYE MANCE and TIFFANY MORRIS, <br> <br> Defendants. | No. 4:08CV03436 SWW |

**FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**

This matter came on for hearing on April 24, 2009, to consider Plaintiff's claims for restitution and ancillary relief. The Plaintiff appeared by and through Kevin Wells, Assistant Attorney General, and James DePriest, Deputy Attorney General. The Defendants did not appear.

On September 30, 2008, Plaintiff State of Arkansas, *ex rel.* Dustin McDaniel, Attorney General ("State"), filed a Complaint For Injunctive Relief and Other Equitable and Statutory Relief pursuant to Section 410(c) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(c) and Section 113 of the Arkansas Deceptive Trade Practices Act ("DTPA"), Ark. Code Ann. § 4-88-113 to obtain permanent injunctive relief, rescission of contracts and restitution, disgorgement of ill-gotten gains, and civil penalties against Defendants Sherrye Mance ("Mance") and Tiffany Morris ("Morris") in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services in violation of multiple sections of the CROA, 15 U.S.C. §§ 1679-1679j and the DTPA, Ark. Code Ann. § 4-88-101, *et seq.*

This Court granted a Default Judgment as to liability of the Defendants, and on February 13, 2009, entered a permanent injunction enjoining further violations of law.  Upon consideration of testimony, documentary evidence, and arguments of counsel received at this hearing on April 24, 2009, **IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and has jurisdiction over all parties hereto.

2. Venue is proper as to all parties in the Eastern District of Arkansas.

3. The State's Complaint states a claim upon which relief may be granted against Defendants under the CROA and the DTPA.

4. The State provided notice to the Federal Trade Commission prior to the commencement of the action, as required by Section 410(c)(2)(A) of the CROA, 15 U.S.C. § 1679h(c)(2)(A).

5. The activities of Defendants, as alleged in the Complaint and shown by evidence presented at a hearing before this Court, are in or affecting commerce, and the action arises under a question of Federal law.

6. Notwithstanding proper service, Defendants failed to file an Answer to the Complaint within the time set forth by Rule 12(a) of the Federal Rules of Civil Procedure, or to otherwise defend this action.  On December 5, 2008, the Clerk entered the Defendants' default, and on February 13, 2009 this Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, entered an Order granting Default Judgment to the extent that the Defendants are permanently restrained and enjoined from violating the CROA and DTPA.

7.     The Court now finds that the Defendants have used instrumentalities of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and at no time were Defendants (i) a nonprofit organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986; (ii) a creditor assisting the consumer restructure debts owed by the consumer to the creditor; or (iii) a depository institution or any Federal or State credit union, or any affiliate of subsidiary of such a depository institution or credit union.  The Defendants, therefore, were operating as a credit repair organization as defined by Section 403(3) of the CROA, 15 U.S.C. § 1679a(3).

8.     The Court now finds that, in connection with the advertising, promotion, offering for sale, or sale of services to consumers by a credit repair organization, as that term is defined in Section 403(3) of the CROA, 15 U.S.C. § 1679a(3), Defendants have violated Section 404(a)(3) of the CROA, 15 U.S.C. § 1679 by making untrue or misleading representations to induce consumers to purchase their credit repair services, including, but not limited to, the representation that Defendants can substantially improve consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete.

9.     The Court also finds that, in connection with their operation of a credit repair organization as that term is defined in Section 403(3) of the CROA, 15 U.S.C. § 1679a(3),

Defendants have violated Section 404(b) of the CROA, 15 U.S.C. § 1679b(b), by charging or receiving money or other valuable consideration for the performance of credit repair services that Defendants have agreed to perform before such services were fully performed.

10. The Court further finds that, in connection with the performance of services by a credit repair organization, as that term is defined in Section 403(3) of the CROA, 15 U.S.C. § 1679a(3), Defendants have violated Section 406(b)(4) of the CROA, 15 U.S.C. § 1679e(b), by failing to include in their consumer contracts conspicuous statements regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which the consumers signed the contracts.

11. The Court further finds that, in connection with the performance of services by a credit repair organization, as that term is defined in Section 403(3) of the CROA, 15 U.S.C. § 1679a(3), Defendants have violated Section 407(b) of the CROA, 15 U.S.C. § 1679e(b), by failing to provide a written "Notice of Cancellation" form in the form and manner required by the CROA, to consumers before any contract or agreement was executed.

12. The Court further finds that, in connection with the advertising, marketing, promotion, offering for sale, and sale of credit repairs services, Defendants have violated Section 107 of the DTPA, Ark. Code Ann. § 4-88-107, by knowingly making misleading, deceptive, and unconscionable statements, including, but not limited to, falsely representing that they can substantially improve most consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate; and by claiming that they had access to government grants to be used to pay off consumers' debts.

13. Entry of this Order is in the public interest.

14. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, their officers, agents, servants, employees, attorneys, corporations, successors and assigns, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

### INJUNCTION – VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

15. **IT IS ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising marketing promotion, offering for sale, sale, or provision of any good or service, including, but not limited to, credit repair services, are hereby permanently restrained and enjoined from:

    A. Misrepresenting, either orally or in writing, directly or by implication, that Defendants can improve substantially most consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete;

    B. Misrepresenting, either orally or in writing, directly or by implication, any fact material to a consumer's decision to purchase any good or service, including, but not limited to, credit repair services, from the Defendants;

    C.    Misrepresenting, either orally or in writing, directly or by implication, any material fact regarding any item, product, good, or service sold or offered for sale by Defendants; and

    D.    Assisting others who violate any provision of Paragraphs A through C of this Section.

16.    **IT IS FURTHER ORDERED** that Defendants must cease and desist all internet advertising related to credit repair services, whether that is conducted by a website, through email, instant messaging, social networking sites, mailing lists, newsgroups, or any other type of connection.

## INJUNCTION - VIOLATIONS OF THE
## CREDIT REPAIR ORGANIZATIONS ACT

17.    **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising marketing promotion, offering for sale, sale, or provision of any credit repair services, are hereby permanently restrained and enjoined from violating the CROA, 15 U.S.C. §§ 1679-1679j, as presently enacted or as it may hereinafter be amended, by, including, but not limited to:

    A.    Violating 15 U.S.C. § 1679b(b) by charging or receiving money or other valuable consideration for the performance of credit repair services that

>    Defendants have agreed to perform before all such services have been fully performed;
>
> B. Violating 15 U.S.C. § 1679b(a)(3) by making or using untrue or misleading statements to induce consumers to purchase credit repair services, including, but not limited to, the representation that Defendants can improve substantially most consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete; and

18. **IT IS FURTHER ORDERED** that Defendants, whether directly or indirectly, or through any corporation, business entity, or person under their control, are hereby permanently restrained and enjoined from assisting others who violate any provision of the CROA, including, but not limited to, the specific violations contained in Paragraphs A and B of Paragraph 17.

## INJUNCTION - COLLECTING ACCOUNTS

19. **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment for any credit repair services from any customer of the Defendants.

## INJUNCTION -- DISCLOSING CUSTOMER INFORMATION

20.     **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, social security number, or other identifying information of any person who purchased or paid for credit repair services at any time prior to the date this Order is entered; and

    B.    Benefitting from or using the name, address, telephone number, credit card number, bank account number, date of birth, email address, or other identifying or financial information of any person who submitted this information to Defendants as a result of, or otherwise related to, the activities alleged in the State's Complaint.

21.  *Provided, however,* that Defendants may disclose identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## RESTITUTION

22.     **IT IS FURTHER ORDERED** that:

    A.     Judgment is hereby entered against the Defendants, jointly and severally, in the amount of one-hundred twenty-seven thousand, five-hundred and sixty-four dollars and sixty-one cents ($127,564.61).  This amount shall become immediately due

and payable by Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance;

B. All funds paid or collected pursuant to this Section shall be deposited into a fund, administered by the Arkansas Attorney General or his agent, to be used for restitution to any consumer who has suffered any loss as the result of the business practices of the Defendants.

C. The Plaintiff is directed to use reasonable efforts to locate affected consumers. If funds paid or collected by the Plaintiff pursuant to this paragraph are not sufficient to provide full restitutionary relief, the Plaintiff should distribute the funds to consumers on a pro rata basis.

### IMPOSITION OF CIVIL PENALTIES PURSUANT TO THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

23. Plaintiff seeks imposition of civil penalties pursuant to Section 113 of the DTPA, Ark. Code Ann. § 4-88-113, which provides that the Court may "assess penalties to be paid to the state, not to exceed ten thousand dollars ($10,000) per violation, against persons found to have violated this chapter." The Court finds that Defendants' practices were egregious and widespread. Defendants failed to answer or otherwise respond to the Complaint or other Orders of the Court, failed to participate in discovery or disclose customer lists, and continued to engage in unlawful practices even after the Court entered an Order enjoining their illegal activities. The Court finds evidence of no fewer than 139 violations of the DTPA, based on sixty-two (62) separate consumer complaints submitted to the Office of the Attorney General, and wire transfers from seventy-seven (77) separate consumers.

**IT IS THEREFORE FURTHER ORDERED** that civil penalties of $,5000.00 per violation are imposed for a total of $695,000.000.  Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally liable in that amount.  This amount shall become immediately due and payable by Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

### ATTORNEY'S FEES AND COSTS

24.     Pursuant to Section 410(c)(1)(C) of the CROA, 15 U.S.C. § 1679g(a)(3), and Section 113(e) of the DTPA, Ark. Code. Ann. § 4-88-113(e), the Attorney General is entitled to fees and costs associated with bringing this action.  The Court will consider a request for attorney's fees and costs on motion filed pursuant to Local Rule 54.1 of the United States District Courts for the Eastern and Western Districts of Arkansas.

### ENTRY OF JUDGMENT

25.     **IT IS FURTHER ORDERED** that, as there is no reason for delay of entry of this judgment, pursuant to Fed.R.Civ.P. 54(b), the Clerk shall enter this Order immediately.

### RETENTION OF JURISDICTION

26.     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes.

**SO ORDERED** this 14th day of May, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE